**Andrew Chan Kim (SBN 315331)**
2603 Barclay Way
Belmont, CA 94002
T: (650) 339-2005
chan.a.kim@gmail.com

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DEBRA GIAMBASTIANI,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF SANTA ROSA, Santa Rosa Chief of Police ROBERT SCHREEDER, Santa Rosa Officer TIMOTHY GOOLER, Santa Rosa Officer TYLER LARON, Santa Rosa Officer CHRISTOPHER MAHURIN, Santa Rosa Officer KENNETH FERRIGNO, Santa Rosa employees DOES 1-25, COUNTY OF SONOMA, Sonoma County Sheriff MARK ESSICK, Sonoma County employees DOES 26-50, Jointly and Severally,<br><br>Defendant(s). | Case No.:<br><br>**COMPLAINT FOR DAMAGES, DECLARATORY & INJUNCTIVE RELIEF, AND DEMAND FOR JURY TRIAL**<br><br>1.  42 U.S.C. § 1983 – Civil Rights Violations<br>2.  42 U.S.C. § 1983 – *Monell* and Supervisory Liability<br>3.  42 U.S.C. § 1983 – Malicious Prosecution<br>4.  42 U.S.C. § 1983 – *Devereaux* Liability<br>5.  California Constitution, Article I, § 13<br>6.  California Civil Code § 52.1(b) – State Civil Rights Violations<br>7.  False Arrest and False Imprisonment<br>8.  Assault and Battery<br>9.  Negligence<br>10.  Invasion of Privacy<br>11.  Intentional Infliction of Emotional Distress |

Plaintiff, by and through her attorney, for her Complaint against Defendants, states the following:

**<u>INTRODUCTION</u>**

1.       In 2015, the Santa Rosa Police Department ("SRPD") knowingly and wrongfully hired Timothy Gooler, who in 2009 was kicked out of the Civil Air Patrol for integrity issues and in 2012 faced multiple misdemeanor charges resulting in a no contest plea to falsifying a California Highway Patrol identification card for the purpose of impersonating a police officer.

(*The Press Democrat*, Pretended to be a cop when he was 19 – now his credibility as a Santa Rosa police officer is being questioned, https://www.pressdemocrat.com/news/9551058-181/pretended-to-be-a-cop (last visited May 5, 2019)). The SRPD wrongfully did not disclose this information to the Sonoma County District Attorney's Office for the first three and a half years of his employment, wherein during that time, Officer Gooler became known within the department as a proactive officer with a lot of arrests. *Id*. In fact, in 2017, Officer Gooler booked 128 people on suspicion of driving under the influence – averaging over two arrests per week. *Id*. Despite this distinctly large amount of arrests made by the same man who once wrote on a police forum, "if you know the vehicle code you can stop almost any car lol," *Id*., on information and belief, the SRPD did nothing to review, investigate, or otherwise look into Officer Gooler's performance or conduct and retained him as an officer. Now, the District Attorney ("DA") is reviewing at least 792 cases that relied on Officer Gooler's testimony. *Id*. On information and belief, one such case includes the DA's prosecution of Plaintiff Debra Giambastiani that was predicated on Officer Gooler's deliberately fabricated police report of an incident in which Officers Gooler and Tyler Laron entered into Ms. Giambastiani's residence without a warrant and subjected her to excessive force before they falsely arrested her while she was in her bathrobe. As a result of the officers' conduct, Ms. Giabmastiani sustained physical injuries to her right shoulder; cuts and bruising to her wrists, hands, knees, and arms; pain to her body including, but not limited to, her forehead, arms, neck, and back; and emotional trauma. Moreover, Ms. Giambastiani continues to incur costs in her defense against four malicious charges: VC233152(a) Refusal of Chemical Test; VC23152(b) Blood Alcohol Level .20 or more; PC243(b) Battery Upon a Peace Officer; and PC148(a)(1) Restrict, Obstruct, Delay of Peace Officer.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because it is being brought to obtain compensatory and punitive damages for the deprivations, under color of state law, of the rights of citizens of the United States that are

secured by the United States Constitution, pursuant to 42 U.S.C. §§ 1983 and 1988. This action is brought pursuant to the First, Fourth, and Fourteenth Amendments to the United States Constitution, and the laws and Constitution of the State of California.

3.    Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a), to hear and decide claims arising under state law.

4.    Venue is proper, pursuant to 28 U.S.C. § 1391(b)(1)-(2), because the City of Santa Rosa Defendants and Sonoma County Defendants reside in this judicial district, and the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

**PARTIES AND PROCEDURE**

5.    Plaintiff Debra Giambastiani is a citizen of the United States and a competent adult.

6.    Defendant City of Santa Rosa is a municipal corporation, duly organized and existing under the laws of the State of California, and is the employer of the individual Santa Rosa defendants, as well as certain, to-be-identified Doe Defendants. Under its authority, Santa Rosa operates the SRPD. At all material times herein, Santa Rosa was responsible for supervising, enacting, and enforcing the SRPD's conduct, policies, and practices, was responsible for the absence of needed policies and practices, and was responsible for the hiring, retention, supervision, and training of employees and agents of the SRPD including such employees as Defendants, Chief Robert Schreeder, Officer Gooler, Officer Laron, Officer Christopher Mahurin, Officer Kenneth Ferrigno, and the to-be-identified Santa Rosa employees – Does 1-25.

7.    At all material times herein, Defendants Schreeder, Gooler, Laron, Mahurin, Ferrigno, and the to-be-identified Santa Rosa employees Does 1-25, in doing the acts or omissions hereinafter described, acted within the course and scope of their employment with Defendant Santa Rosa, by virtue of their employment with the SRPD, and acted under color of state law. Defendants Schreeder, Gooler, Laron, Mahurin, Ferrigno, and the to-be-identified Santa Rosa employees Does 1-25 are sued in their individual capacities, including, where

applicable, in their capacities as supervisors based on supervisory liability. At all material times, these individual Defendants held titles and participated generally as follows in this matter:

a.  Defendant Schreeder, at all relevant times mentioned herein, was employed by Defendant Santa Rosa as the Chief of Police, and was acting within the course and scope of that employment at such times. He is being sued in his individual and official capacity as the SRPD Chief of Police. At all material times, Chief Schreeder was the final policy making official for the SRPD, ultimately responsible for all policies, procedures, supervision, and training of the SRPD.

b.  Defendant Mahurin, at all relevant times mentioned herein, was employed by Defendant Santa Rosa as a Police Officer, and was acting within the course and scope of that employment at such times. He is being sued in his individual and official capacity as a Police Officer. Upon information and belief, Defendant Mahurin supervised Gooler, and was ultimately responsible for enforcing policies, procedures, supervision, and training Gooler.

d.  Defendants Gooler, Laron, and Ferrigno, at all relevant times mentioned herein, were employed by Defendant Santa Rosa as Police Officers, and were acting within the course and scope of that employment at such times. They are being sued in their individual capacities.

8.      Defendant Sonoma County is a municipal corporation, duly organized and existing under the laws of the State of California, and is the employer of the individual Sonoma County defendant, as well as certain, to-be-identified Doe Defendants. At all material times herein, Defendant Sonoma County was a public entity, operating the Sonoma County Main Adult Detention Facility ("SCMADF"), where Plaintiff was wrongly booked, and Sonoma County was responsible for supervising, enacting, and enforcing Sonoma County Sheriff's Office ("SCSO") conduct, policies, and practices, and was responsible for the absence of needed policies and practices, and was responsible for the hiring, retention, supervision, and training of employees and agents of Sonoma County, the SCSO, and possibly other agencies, including such

employees as Defendant Mark Essick ("Essick") and the to-be-identified Sonoma County employees – Does 26-50.

9.     At all material times herein, Defendant Essick and the to-be-identified Sonoma County employees Does 26-50, in doing the acts or omissions hereinafter described, acted within the course and scope of their employment with Defendant Sonoma County, by virtue of their employment with SCMADF, and acted under color of state law. Defendant Essick and the to-be-identified Sonoma County employees Does 26-50 are sued in their individual capacities, including, where applicable, in their capacities as supervisors based on supervisory liability. At all material times, this individual Defendant held the title and participated generally as follows in this matter:

> a.  Defendant Essick, at all relevant times mentioned herein, was employed by Defendant Sonoma County as the SCMADF Captain, and was acting within the course and scope of that employment at such times. He is being sued in his individual and official capacity as the SCMADF Captain. At all material times, Captain Essick was the final policy making official for SCMADF, ultimately responsible for all policies, procedures, supervision, and training of the SCMADF staff.

10.     The Defendants named above, including the Doe Defendants, are sued in their individual capacities, including, where applicable, in their supervisory capacity as supervisors.

11.     The true names or capacities, whether individual, corporate, associate, or otherwise, of Defendants named herein as Does 1-50 are unknown to Plaintiff, who therefore sues said Defendants by said fictitious names. Plaintiff will amend this Complaint to show said Defendants' true names and capacities when the same has been ascertained. Plaintiff is informed, believes, and thereon alleges that all Defendants sued herein as Does are in some manner responsible for the acts, omissions, and injuries alleged herein.

12.     Plaintiff alleges, on information and belief, that each of the Defendants sued herein was wrongfully, deliberately indifferently, negligently, and/or otherwise responsible in

1  some manner for the events and happenings as hereinafter described, and proximately caused

2  injuries and damages to Plaintiff. Further, certain Doe Defendants were at all material times

3  responsible for the hiring, training, supervision, and discipline of other defendants, including

4  both the individually named and Doe Defendants.

5        13.    Plaintiff is informed, believes, and thereon alleges that each of the Defendants

6  was at all material times an agent, servant, employee, partner, joint venturer, co-conspirator,

7  and/or alter ego of the remaining Defendants, and in doing the things hereinafter alleged, was

8  acting within the course and scope of that relationship. Plaintiff is further informed, believes, and

9  thereon alleges that each of the Defendants herein gave consent, aid, and assistance to each of the

10  remaining Defendants, and ratified and/or authorized the acts or omissions of each Defendant as

11  alleged herein, except as may hereinafter be otherwise, specifically alleged. At all material times,

12  each Defendant was an integral participant, jointly and fundamentally engaged in constitutionally

13  violative, unlawful, and/or tortious activity, resulting in the deprivation of Plaintiff's

14  constitutional rights and other actionable harm.

15        14.    The acts and omissions of all Santa Rosa Defendants were at all material times

16  pursuant to the actual customs, policies, practices, and/or procedures of Santa Rosa and/or the

17  SRPD.

18        15.    The acts and omissions of all Sonoma County Defendants were at all material

19  times pursuant to the actual customs, policies, practices, and/or procedures of the SCSO and/or

20  SCMADF.

21        16.    At all material times, each Defendant acted under color of the laws, statutes,

22  ordinances, and regulations of the State of California.

23        17.    Plaintiff presented a proper and timely tort claim to Santa Rosa and Sonoma

24  County pursuant to Government Code § 910 et seq., and this action, as it relates to the state law

25  claims asserted against Santa Rosa and Sonoma County, was thereafter timely filed within the

26  applicable statutes of limitation.

27

28

18.     This Complaint may be pleaded in the alternative, pursuant to Rule 8(d)(2) of the Federal Rules of Civil Procedure.

**GENERAL ALLEGATIONS**

19.     On March 24, 2018, an anonymous reporting party called the SRPD to report his neighbor who had crashed her car into her house. The reporting party advised that he believed the neighbor was drunk because she was "stumbling around the vehicle."

20.     At around 7:30 PM, Officer Gooler was dispatched to Ms. Giambastiani's residence. He stated in his police narrative that he observed a silver Ford Escape in the driveway and "fresh" collision damage. Moreover, Officer Gooler wrote that he touched the hood of the Escape and felt that it was warm and making "crackling" noises – two indications he believed evidenced that the car was recently driven. Upon information and belief, Officer Gooler's body camera footage contradicts his accounting. Officer Gooler never touched the hood of the car. Rather, he deliberately fabricated his police report to claim that he did.

21.     Officer Gooler's report continues to state that he felt obligated to check the welfare of the driver for a possible medical emergency such as a diabetic shock, and to investigate a possible DUI. He wrote that he walked to the front door, knocked, and could clearly see inside the residence through the door's windows. He observed a white female with blonde hair, who matched the reporting party's description, walk across the hallway, glance in his direction, and ignore him. He knocked two more times before Ms. Giambastiani opened the door.

22.     Officer Gooler reported that he noticed "objective signs of extremely heavy alcohol intoxication" emitting from Ms. Giambastiani's person, that she could barely stand, and spoke with slurred speech. When he commented on it, Ms. Giambastiani told him she drank at home. He then asked her for her ID, to which she responded she had it and would retrieve it. As Ms. Giambastiani began walking back into her residence, Officer Gooler explained, "it appeared by the way she left her door open that she was inviting me inside." Without Ms. Giambastiani's consent, Officer Gooler wrongfully, deliberately indifferently, negligently, and/or otherwise, without a warrant, unlawfully entered into Ms. Giambastiani's residence and followed her down

1   the hallway because he feared she "may return with a weapon." Ms. Giambastiani immediately

2   told him he was not welcome inside and demanded he get out of her house. Upon information

3   and belief, Officer Laron also wrongfully, deliberately indifferently, negligently, and/or

4   otherwise, unlawfully entered into Ms. Giambastiani's home.[1]

5       23.    Officer Gooler then noted that an unknown male, later identified as Patrick Reis,

6   Ms. Giambastiani's husband, was blocking him from exiting the residence. Upon information

7   and belief, Officer Gooler's body camera footage contradicts his accounting. Mr. Reis never

8   blocked Officer Gooler from exiting.

9       24.    The officers remained unlawfully inside Ms. Giambastiani's home and demanded

10  Ms. Giambastiani step outside for a field sobriety test. Ms. Giambastiani refused. Officer Gooler

11  then demanded he look into her eyes or that she blow into a machine to prove her sobriety. Ms.

12  Giambastiani declined both requests. In retaliation of Ms. Giambastiani exercising her First

13  Amendment right inside her own home, the officers wrongfully, deliberately indifferently,

14  negligently, and/or otherwise subjected Ms. Giambastiani to a control hold and handcuffed her

15  while she was still in her bathrobe. Officer Gooler then removed the handcuffs so she could get

16  dressed before both officers again, wrongfully, deliberately indifferently, negligently, and/or

17  otherwise subjected Ms. Giambastiani to an excessive hold and handcuffed her, extracted her

18  from her home, and shoved her into a police vehicle. Upon information and belief, the officers

19  never explicitly and/or verbally told Ms. Giambastiani that she was under arrest.

20      25.    Officer Gooler applied for a search warrant to draw blood from Ms. Giambastiani.

21  His application omitted that he unlawfully entered into Ms. Giambastiani's home and extracted

22  her from it in handcuffs. Judge Hardcastle approved the warrant and ordered Ms. Giambastiani's

23  blood be drawn in a medically approved manner and not forcibly.

24  _____

25  [1] Officer Gooler's report omits information as to Officer Laron's whereabouts. Upon

26  information and belief, against SRPD policy, Officer Laron, who alleged Ms. Giambastiani

27  committed a battery against him, wrongfully, deliberately indifferently, negligently, and/or

28  otherwise did not write a supplemental report.

26.     The officers then transported Ms. Giambastiani to SCMADF and placed her in the vehicular sallyport. Upon information and belief, the officers were with AMR Paramedic Cotton and SCMADF Doe Employee 26 and SCMADF Doe Employee 27. The officers demanded Ms. Giambastiani submit to a blood test. Officer Gooler alleges Ms. Giambastiani refused and kicked Officer Laron in the chest twice. The officers then wrongfully, deliberately indifferently, negligently, and/or otherwise grabbed her arm, applied a C-grip on her wrist, grabbed her legs and pushed her head against the back of a chair. With the assistance of the two Doe Employees, the officers forcibly brought Ms. Giambastiani face down onto the cement floor of the sallyport and applied pressure on her body with their knees so she could not move. Paramedic Cotton drew blood from Ms. Giambastiani's left hand. The Doe Employees then forcibly "drug" Ms. Giambastiani into the facility.

28.     Officer Gooler's report never states that he Mirandized Ms. Giambastiani at any point during the encounter. His report confirms that he wore a body camera and portions of his investigation, not the entirety of his contact with Ms. Giambastiani, were recorded. Upon information and belief, against SRPD policy, Officer Gooler did not review the body camera footage before preparing his report, nor did his supervising officers Mahurin, who should have and/or would have caught the inconsistencies in Officer Gooler's reporting. Upon information and belief, against SRPD policy, Officer Ferrigno who is not a supervisor, was not present at the scene, and did not review the body camera footage, also approved Officer Gooler's report before it was submitted to the DA's office. Upon information and belief Officer Gooler's body camera directly contradicts statements he deliberately fabricated in his police report.

29.     At all material times and, alternatively, the actions and omissions of each Defendant were intentional, and/or wanton, and/or willful, and/or reckless, and/or callous, and/or malicious, and/or deliberately indifferent to Plaintiff's rights, and/or grossly negligent, and/or negligent.

30.     Plaintiff has incurred, and continues to incur, economic harms and losses, as well as ongoing stress and anxiety, as a result of Defendants' tortious, wrongful, and constitutionally violative conduct.

31.     As a direct and proximate result of each Defendants' acts and/or omissions as set forth above, Plaintiff sustained, and is currently sustaining, the following injuries and damages, past and future, including, but not limited to:

> a.  Economic damages, including, but not limited to, out-of-pocket expenses and loss of income;
>
> b. Emotional distress, fear, anxiety, sleeplessness, humiliation, indignity, and loss of liberty;
>
> c.  Loss of enjoyment of life and other continued pain and suffering;
>
> d.  All other legally cognizable special and general damages;
>
> e.  Violations of state and federal constitutional rights; and
>
> f.  All damages and penalties recoverable under 42 U.S.C. §§ 1983 and 1988, California Civil Code § 52, California Code of Civil Procedure § 1021.5, and as otherwise allowed under California and United States statutes, codes, and common law.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### (42 U.S.C. § 1983)
### PLAINTIFF AGAINST DEFENDANTS SANTA ROSA, SONOMA COUNTY, SCHREEDER, GOOLER, LARON, MAHURIN, FERRIGNO, ESSICK, and DOES 1-50

32.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in the paragraphs above, as though fully set forth herein.

33.     By the actions and omissions described above, the Defendants named above in this cause of action and Does 1-50, acting under the color of state law in their individual capacities, violated 42 U.S.C. § 1983, depriving Plaintiff of the following well-settled constitutional rights that are protected by the First, Fourth and Fourteenth Amendments to the U.S. Constitution:

a.  The right to be free from unreasonable searches, entry and/or seizures, as secured by the Fourth and Fourteenth Amendments;

b.  The right to be free from the use of unlawful and/or unreasonable force, since any force used to effect and maintain an unlawful arrest is unlawful, as secured by the Fourth and Fourteenth Amendments;

c.  The right not to be deprived of liberty or property without due process of law, as secured by the Fourteenth Amendment; and,

d.  The right to be free from retaliation, as secured by the First Amendment.

34.    The listed Defendants' failure to intervene, prevent, or stop the constitutional violations on the part of other, individually named Defendants and/or supervisors, who were in a position to do so when such violations occurred, renders such Defendant(s) liable for these violations.

35.    Defendant Schreeder, Gooler, Laron, Mahurin, Ferrigno, Essick, and the to-be-identified Doe Defendants' deliberately indifferent and constitutionally violative conduct in failing to take appropriate actions foreseeably set into motion the chain of events that proximately caused the subsequent wrongful seizure of Plaintiff, the unlawful entry and searches of Plaintiff's residence, her person and personal effects, the false imprisonment of Plaintiff, and caused Plaintiff to continuously be subjected to excessive force and liberty deprivations, including wrongful criminal proceedings being brought against her.

36.    To the extent the supervisors of Gooler, Laron, Mahurin, Ferrigno, and Does 1-50, who supervised them at material and relevant times, knew, should have known, or had reason to know of Defendants' constitutionally violative conduct, as alleged above, or their propensity to engage in such conduct, such supervisors failed to prevent the unconstitutional acts of said Defendants and failed to properly supervise, thus rendering them liable both directly and in their capacity as supervisor. Thus, any supervisors that failed to prevent the unconstitutional acts of said Defendants and failed to properly supervise them are liable directly and in their capacity as a supervisor.

37.     The Defendants named in this cause of action subjected Plaintiff to their wrongful conduct, depriving Plaintiff of the rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiff would be violated by their acts and/or omissions.

38.     As a proximate result of the foregoing wrongful acts, Plaintiff sustained injuries and damages, as set forth above, in ¶ 31. Plaintiff is, therefore, entitled to general and compensatory damages in an amount to be proven at trial.

39.     In committing the acts alleged above, the individually named Defendants and Doe Defendants acted maliciously and/or were guilty of wanton and reckless disregard for the rights, safety, and emotional well-being of Plaintiff, and by reason thereof, Plaintiff is entitled to punitive damages and penalties allowable under 42. U.S.C. § 1983 and other state and federal law against these individual Defendants; no punitive damages are sought directly against Santa Rosa or Sonoma County.

40.     Plaintiff is also entitled to reasonable costs and attorney's fees under 42 U.S.C. § 1988 and other applicable California codes and laws.

### SECOND CAUSE OF ACTION
#### (42 U.S.C. § 1983 – *Monell* and Supervisory Liability)
**PLAINTIFF AGAINST DEFENDANTS SANTA ROSA, SONOMA COUNTY, SCHREEDER, GOOLER, LARON, MAHURIN, FERRIGNO, ESSICK, AND DOES 1-50**

41.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in this complaint, as though fully set forth herein.

42.     As supervisors, Defendants Schreeder, Mahurin, Ferrigno, Essick, and Does 1-50 each permitted and failed to prevent the unconstitutional acts of other Defendants and individuals under their supervision and control, and failed to properly supervise such individuals, with deliberate indifference to the rights of Plaintiff. Each of these supervising Defendants either directed his or her subordinates in conduct that violated Plaintiff's rights, OR set in motion a series of acts and omissions by his or her subordinates that the supervisor knew or reasonably should have known would deprive Plaintiff of rights, OR knew his or her subordinates were engaging in acts likely to deprive Plaintiff of rights and failed to act to prevent his or her

subordinates from engaging in such conduct, OR disregarded the consequences of a known or obvious training deficiency that he or she must have known would cause subordinates to violate Plaintiff's rights, and in fact did cause the violation of Plaintiff's rights. (See, Ninth Circuit Model Civil Jury Instruction 9.4). Furthermore, each of these supervising Defendants is liable in their failures to intervene in their subordinates' apparent violations of Plaintiff's rights.

43.     Additionally, these supervisors disregarded the consequences of a policy deficiency that they knew or had reason to know would proximately cause the violation of Plaintiff's constitutional rights, which in fact did cause the violation of Plaintiff's rights.

44.     Plaintiff alleges, upon information and belief, that the unconstitutional actions and/or omissions of Schreeder, Gooler, Laron, Mahurin, Ferrigno, Essick, and other, Doe Defendants herein were pursuant to the following customs, policies, practices, and/or procedures of Santa Rosa, SRPD, Sonoma County, and/or SCMADF, or stated in the alternative, which were directed, encouraged, allowed and/or ratified by policy making officials for Santa Rosa, SRPD, Sonoma County, and/or SCMADF including Does 1-50:

> a. Failing to enact and/or maintain and/or execute policies and procedures and/or failing to train employees on obtaining a warrant before entering a citizen's residence without his or her consent and when no exigent circumstance is established;
>
> b. Failing to enact and/or maintain and/or execute policies and procedures and/or failing to train employees on use of threats, use of force, and excessive force;
>
> c. Failing to institute, execute, or enforce readily available procedures for decreasing the risk of unnecessary and unreasonable force and unlawful arrests during contact with citizens;
>
> d. Failing to institute, execute, or enforce readily available procedures for neutralizing and de-escalating a situation;
>
> e. Failing to enact and/or maintain and/or execute policies and procedures and/or failing to train employees on wearing body cameras or any other recording devices and activating them correctly, and also consulting them before preparing reports;
>
> f. Failing to enact and/or maintain and/or execute policies and procedures and/or failing to train employees on investigating charges and ensuring

only legitimate and substantiated claims are recommended against suspects;

g. Failing to supervise and/or discipline officers for negligent and/or reckless conduct that results in the violation of citizens' civil rights;

h. Failing to institute, execute, or enforce readily available procedures on writing police reports including procedures and conducing adequate interviews of witnesses and other persons; and,

i. Failing to review the selection and hiring, training, retention, and supervision of known employees with criminal histories and who lack good moral character and integrity.

45.     In the alternative, upon information and belief, Defendants may have instituted policies or training addressing some or all of the topics listed above, but have, either through negligence or deliberate indifference to citizens' rights, failed to properly oversee, enforce, and/or properly carry out such policies and/or training.

46.     The above-described customs, policies, practices, and/or procedures of Santa Rosa, SRPD, Sonoma County, and/or SCMADF were a moving force and/or a proximate cause of the deprivations of Plaintiff's constitutional rights, in violation of 42 U.S.C. § 1983, as more fully set forth above.

47.     Defendant Santa Rosa and Sonoma County is also liable for the violations of Plaintiff's rights by their final policy makers, including Schreeder, Mahurin, Ferrigno, Essick, and Does 1-50, as described above. (See, Ninth Circuit Model Civil Jury Instruction 9.6).

48.     Upon information and belief, after receiving Plaintiff's Government Code section 910 claim, Santa Rosa and Sonoma County conducted investigations and reviews of this matter concerning the wrongful arrest and other liberty deprivations of Plaintiff, and Defendants Schreeder, Mahurin, Ferrigno, Essick, and Does 1-50 directly and personally participated in such investigations and reviews. The unconstitutional actions and/or omissions of the individually named Defendants and Does 1-50 were approved, tolerated, and/or ratified by policy making officials for Santa Rosa and Sonoma County, including, but not limited to, Schreeder, Mahurin, Ferrigno, Essick, and Does 1-50. Plaintiff is informed and believes, and thereupon alleges that the details of this incident have been revealed to the authorized policy makers within the Santa

Rosa and Sonoma County offices and that such policymakers have direct knowledge of the fact that Plaintiff was wrongfully arrested and subjected to other liberty deprivations due to their and their subordinates' deliberate indifference and violations of Plaintiff's rights. Notwithstanding this knowledge, the authorized policymakers within Santa Rosa and Sonoma County, approved of the individually named Defendants' and Does 1-50's conduct and decisions in this matter to the extent such individuals were under their supervision and oversight, and have made a deliberate, conscious, and affirmative choice to endorse and ratify such conduct and decisions, and the basis for them, which resulted in the wrongful arrest and other liberty deprivations suffered by Plaintiff. By doing so, the authorized policymakers within Santa Rosa and Sonoma County have shown affirmative agreement with the conduct of individual Defendants and other employees/agents under their supervision, and have ratified the unconstitutional acts of these individual Defendants, employees, and agents.

49.   The aforementioned customs, policies, practices, and procedures; the failure to properly and adequately hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline; and, the unconstitutional orders, approvals, ratification, and toleration of wrongful conduct of Defendants Schreeder, Mahurin, Ferrigno, Essick, and Does 1-50 were a moving force and/or a proximate cause of the deprivation of Plaintiff's clearly established and well-settled constitutional rights, in violation of 42 U.S.C. § 1983, as more fully set forth in the paragraphs above.

50.   As a direct and proximate result of the foregoing unconstitutional actions, omissions, customs, policies, practices, and/or procedures of Defendants Santa Rosa, Sonoma County, Schreeder, Gooler, Laron, Mahurin, Ferrigno, Essick, and Does 1-50, or the lack of inadequacy thereof, Plaintiff suffered liberty deprivations, incurred damages, and thus, he is entitled to damages, penalties, costs, and attorney's fees, as set forth above, in ¶ 31, and punitive damages against Defendants Schreeder, Gooler, Laron, Mahurin, Ferrigno, Essick, and Does 1-50, in their individual capacities. Furthermore, Plaintiff's only means of securing complete and adequate relief is to also seek declaratory and injunctive relief, to offer Plaintiff substantial and

complete protection from Defendants' unlawful policies and practices; the remedy at law is inadequate. Plaintiff, thus, seeks both legal damages and equitable remedies in the form of injunctive relief against Defendants Santa Rosa and Sonoma County.

**THIRD CAUSE OF ACTION**
**(42 U.S.C. § 1983 – *Devereaux* Liability)**
**PLAINTIFF AGAINST SANTA ROSA, DEFENDANTS SCHREEDER, GOOLER, MAHURIN, FERRIGNO, and DOES 1-25**

51.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in this complaint, as though fully set forth herein.

52.     Defendants Gooler deliberately fabricated evidence by preparing and writing the police report based on a false allegation and containing perjured statements, omissions, and material misrepresentations that was used to prosecute Ms. Giambastiani, which Mahurin and Ferrigno approved.

53.     Defendants Schreeder, Mahurin, Ferrigno, Essick, and Does 1-25 knew that Ms. Giambastiani was innocent, or were deliberately indifferent to her innocence but conducted a coercive and abusive investigation and/or deliberately fabricated evidence that was used to prosecute her.

54.     To the extent the supervisors of Gooler, Mahurin, Ferrigno, and Does 1-25, who supervised them at material and relevant times, knew, should have known, or had reason to know of Defendants' constitutionally violative conduct, as alleged above, or their propensity to engage in such conduct, such supervisors failed to prevent the unconstitutional acts of said Defendants and failed to properly supervise, thus rendering them liable both directly and in their capacity as supervisor. Thus, any supervisors that failed to prevent the unconstitutional acts of said Defendants and failed to properly supervise them are liable directly and in their capacity as a supervisor.

55.     The Defendants named in this cause of action subjected Plaintiff to their deliberate fabrication of evidence, coercive and abusive techniques, and wrongful conduct, depriving Plaintiff of the rights described herein, knowingly, maliciously, and with conscious

and reckless disregard for whether the rights and safety of Plaintiff would be violated by their acts and/or omissions.

56.    As a proximate result of the foregoing wrongful acts, Plaintiff sustained injuries and damages, as set forth above, in ¶ 31. Plaintiff is, therefore, entitled to general and compensatory damages in an amount to be proven at trial.

57.    In committing the acts alleged above, the individually named Defendants and Doe Defendants acted maliciously and/or were guilty of wanton and reckless disregard for the rights, safety, and emotional well-being of Plaintiff, and by reason thereof, Plaintiff is entitled to punitive damages and penalties allowable under 42. U.S.C. § 1983 and other state and federal law against these individual Defendants; no punitive damages are sought directly against Santa Rosa.

58.    Plaintiff is also entitled to reasonable costs and attorney's fees under 42 U.S.C. § 1988 and other applicable California codes and laws.

**FOURTH CAUSE OF ACTION**
**(MALICIOUS PROSECUTION)**
**PLAINTIFF AGAINST SANTA ROSA, SCHREEDER, GOOLER, LARON, MAHURIN, FERRIGNO, AND DOES 1-25**

59.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in this complaint, as though fully set forth herein.

60.    Defendants Schreeder, Gooler, Laron, Mahurin, Ferrigno and Does 1-25 initiated or procured a criminal proceeding against Ms. Giambastiani. The criminal proceedings were predicated on a false allegation that Ms. Giambastiani drove while under the influence, resisted arrest, and battered police officer – allegations that were supported by perjured testimony, omissions, and material misrepresentations. Upon information and belief, Plaintiff believes these charges were brought for the purpose of covering up the named Defendant's abuse of authority including: retaliation for Plaintiff asserting her First Amendment rights, excessive force, unlawful arrest, forceful entry, unlawful seizure, and other constitutional deprivations of Plaintiff.

61.     To the extent the supervisors of Gooler, Laron, Mahurin, Ferrigno and Does 1-25, who supervised them at material and relevant times, knew, should have known, or had reason to know of Defendants' constitutionally violative conduct, as alleged above, or their propensity to engage in such conduct, such supervisors failed to prevent the unconstitutional acts of said Defendants and failed to properly supervise, thus rendering them liable both directly and in their capacity as supervisor. Thus, any supervisors that failed to prevent the unconstitutional acts of said Defendants and failed to properly supervise them are liable directly and in their capacity as a supervisor.

62.     The Defendants named in this cause of action subjected Plaintiff to their wrongful conduct, depriving Plaintiff of the rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiff would be violated by their acts and/or omissions.

63.     As a proximate result of the foregoing wrongful acts, Plaintiff sustained injuries and damages, as set forth above, in ¶ 31. Plaintiff is, therefore, entitled to general and compensatory damages in an amount to be proven at trial.

64.     In committing the acts alleged above, the individually named Defendants and Doe Defendants acted maliciously and/or were guilty of wanton and reckless disregard for the rights, safety, and emotional well-being of Plaintiff, and by reason thereof, Plaintiff is entitled to punitive damages and penalties allowable under 42. U.S.C. § 1983 and other state and federal law against these individual Defendants; no punitive damages are sought directly against Santa Rosa.

65.     Plaintiff is also entitled to reasonable costs and attorney's fees under 42 U.S.C. § 1988 and other applicable California codes and laws.

### FIFTH CAUSE OF ACTION
### (CAL. CONST. ART. I, § 13)
### PLAINTIFF AGAINST DEFENDANTS SANTA ROSA, SONOMA COUNTY, SCHREEDER, GOOLER, LARON, ESSICK, and DOES 1-50

66.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in this complaint, as though fully set forth herein.

67.     The unreasonable and warrantless entry, seizure, incarceration, and wrongful setting into motion of the chain of events that led to the seizure of Plaintiff violated Plaintiff's rights under Article 1, § 13 of the California Constitution, thereby entitling Plaintiff to damages for this violation.

68.     Defendants Santa Rosa and Sonoma County are not sued directly in this cause of action, but is named because it is liable under California Government Code § 815.2 for injuries proximately caused by an act or omission of an employee, committed within the course and scope of the employee's employment.

69.     As a proximate result of the foregoing wrongful acts, Plaintiff sustained injuries and damages, as set forth above, in ¶ 31.

70.     Plaintiff is, therefore, entitled to general and compensatory damages in an amount to be proven at trial.

71.     In committing the acts alleged above, Defendants acted maliciously and/or were guilty of wanton and reckless disregard for the rights, safety, and emotional well-being of Plaintiff, and by reason thereof, Plaintiff is entitled to exemplary and punitive damages against these individual defendants in an amount to be proven at trial.

### SIXTH CAUSE OF ACTION
### (CALIFORNIA CIVIL CODE § 52.1(b))
### PLAINTIFF AGAINST DEFENDANTS SANTA ROSA, SONOMA COUNTY, SCHREEDER, GOOLER, LARON, ESSICK, and DOES 1-50

72.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in this complaint, as though fully set forth herein.

73.     By their acts, omissions, customs, and policies, Defendants Santa Rosa, Sonoma County, Schreeder, Gooler, Laron, Essick, and Does 1-50, acting in concert/conspiracy, as described above, and with threat, intimidation, and/or coercion, violated Plaintiff's rights under California Civil Code § 52.1 and the following clearly established rights under the United States Constitution and California Constitution and law:

        a. Plaintiff's rights to be free from unreasonable seizure and his right not to be deprived of liberty or property without due process of law, as

secured by the Fourth and Fourteenth Amendments to the United States Constitution and the California Constitution, Article 1, Sections 7 and 13;

b. The right to enjoy and defend life and liberty; acquire, possess, and protect property; and pursue and obtain safety, happiness, and privacy, as secured by the California Constitution, Article 1, Section 1; and,

c. The right to protection from bodily restraint, harm, or personal insult, as secured by California Civil Code § 43.

74. Separate from, and above and beyond, Defendants' attempted interference, interference with, and violation of Plaintiff's rights, Defendants violated Plaintiff's rights by the following conduct, among other conduct, constituting threat, intimidation, or coercion:

a. Intentionally and/or with deliberate indifference, causing Plaintiff to be subjected to unreasonable force, seizures, incarceration, and other liberty deprivations.

75. Defendants Santa Rosa and Sonoma County are not sued directly in this cause of action, but is named because Santa Rosa and Sonoma County are vicariously liable pursuant to California Government Code section 815.2.

76. As a direct and proximate result of Defendants' violation of California Civil Code § 52.1 and of Plaintiff's rights under the United States and California Constitutions and law, Plaintiff sustained injuries and damages, and against each Defendant named in this Cause of Action is entitled to relief as set forth above, in ¶ 31, and punitive damages against all individual Defendants, including all damages and penalties allowed by California Civil Code §§ 52 and 52.1 and California law, three times actual damages, and attorneys' fees.

### SEVENTH CAUSE OF ACTION
### (ASSAULT AND BATTERY)
### PLAINTIFF AGAINST DEFENDANTS SANTA ROSA, SONOMA COUNTY, SCHREEDER, GOOLER, LARON, ESSICK, and DOES 1-50

77. Plaintiff re-alleges and incorporates by reference each and every allegation contained in this complaint, as though fully set forth herein.

78. By the above-described acts and/or omissions and/or failures to supervise and/or failure to institute and execute adequate training and policies on part of Defendants, as alleged

herein, Plaintiff was assaulted and battered, thereby entitling Plaintiff to damages pursuant to California law.

79.     The aiding and abetting and/or failure to intervene and/or failure to prevent the assault and battery gives rise to liability on the part of other, to-be-identified Doe Defendants.

80.     Defendants Santa Rosa and Sonoma County are not sued directly in this cause of action, but are named because Santa Rosa and Sonoma County are vicariously liable pursuant to California Government Code section 815.2.

81.     As a proximate result of the foregoing wrongful acts, Plaintiff sustained injuries and damages, as set forth above, in ¶ 31. Plaintiff is, therefore, entitled to general and compensatory damages in an amount to be proven at trial, as well as punitive damages against Defendants in their individual capacities. No punitive damages are sought against Santa Rosa and Sonoma County directly.

## EIGHTH CAUSE OF ACTION
### (FALSE ARREST & FALSE IMPRISONMENT)
### PLAINTIFF AGAINST DEFENDANTS SANTA ROSA, SCHREEDER, GOOLER, LARON, and DOES 1-25

82.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in this complaint, as though fully set forth herein.

83.     By the above-described acts and/or omissions and/or failures to supervise and/or failure to institute and execute adequate training and policies on the part of Defendants, as alleged herein, Plaintiff was falsely arrested and falsely imprisoned, thereby entitling Plaintiff to damages pursuant to California law.

84.     The aiding and abetting and/or failure to intervene and/or failure to prevent this arrest gives rise to liability on the part of other, to-be-identified Doe Defendants.

85.     Defendant Santa Rosa is not sued directly in this cause of action, but is named because Santa Rosa is vicariously liable pursuant to California Government Code § 815.2.

86.     As a proximate result of the foregoing wrongful acts, Plaintiff sustained injuries and damages, as set forth above, in ¶ 31. Plaintiff is, therefore, entitled to general and compensatory damages in an amount to be proven at trial, as well as punitive damages against

Defendants in their individual capacities. No punitive damages are sought against Santa Rosa directly.

## NINTH CAUSE OF ACTION
### (NEGLIGENCE)
### PLAINTIFF AGAINST DEFENDANTS SANTA ROSA, SONOMA COUNTY, SCHREEDER, GOOLER, LARON, MAHURIN, FERRIGNO, ESSICK, AND DOES 1-50

87.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in this complaint, as though fully set forth herein.

88.    At all material times, Defendants owed Plaintiff the duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

89.    Defendants are legally responsible for the injuries occasioned to Plaintiff by their want of ordinary care or skill in the performance of their work for Santa Rosa or Sonoma County.

90.    At all material times, each Defendant owed Plaintiff the duty to act with reasonable care.

91. These general duties of reasonable care and due care owed to Plaintiff by all Defendants included, but were not limited to, the following specific obligations:

a. To refrain from violating the right to be free from government conduct and/or the exercise of discretion by a government official that is in retaliation and response to the exercise of free speech, as secured by the First and Fourteenth Amendments;

b. To refrain from violating the right to be free from unreasonable searches and/or seizures, as secured by the Fourth and Fourteenth Amendments;

c. To refrain from violating the right to be free from the use of unlawful and/or unreasonable force, as secured by the Fourth and Fourteenth Amendments;

d. The refrain from unlawful threats of force or arrest and intimidation, as secured by the Fourth and Fourteenth Amendments;

e. To refrain from violating the right to be free from outrageous government conduct, as secured by the Fourteenth Amendment;

f. To refrain from violating the right to be free from unreasonable searches and seizures, as secured by the California Constitution, Article 1, section 13;

g. To refrain from violating the right to protection from bodily restrain, harm, or personal insult, as secured by California Civil Code § 43;

h. To refrain from using excessive and/or reasonable force against Plaintiff;

i. To conduct a reasonable investigation before effecting an arrest;

j. To use generally accepted police procedures and tactics that are reasonable and appropriate;

k. To refrain from abusing the authority granted to Defendants by law;

l. To refrain from violating Plaintiff's rights, which are guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law.

92.     Defendants Santa Rosa and Sonoma County are not sued directly in this cause of action, but rather are named because they are liable under California Government Code § 815.2 for injury proximately caused by an act or omission of an employee, committed within the course and scope of the employees' employment

93.     By the acts and/or omissions alleged above, Defendants acted negligently and breached their duty of due care owed to Plaintiff, which foreseeably resulted in the suffering of damages by Plaintiff.

94.     As a proximate result of Defendants' negligence, Plaintiff sustained injuries and damages, and against each listed Defendant in this Cause of Action is entitled to the relief described above, in ¶ 31, and as otherwise allowed by law. Plaintiff also seeks punitive damages against such individual Defendants in their individual capacities. Plaintiff does not seek punitive damages against Santa Rosa and Sonoma County.

### TENTH CAUSE OF ACTION
### (INVASION OF PRIVACY)
### PLAINTIFF AGAINST DEFENDANTS SANTA ROSA, SCHREEDER, GOOLER, LARON, AND DOES 1-25

95.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in this complaint, as though fully set forth herein.

96.     By the above-described acts and/or omissions and/or failures to supervise and/or failure to institute and execute adequate training and policies on the part of Defendants, as alleged herein, Plaintiff was subjected to an invasion of privacy, thereby entitling Plaintiff to damages pursuant to California law.

97.     The aiding and abetting and/or failure to intervene and/or failure to prevent this invasion of privacy gives rise to liability on the part of other, to-be-identified Doe Defendants.

98.     Defendant Santa Rosa is not sued directly in this cause of action, but is named because Santa Rosa is vicariously liable pursuant to California Government Code § 815.2.

99.     As a proximate result of the foregoing wrongful acts, Plaintiff sustained injuries and damages, as set forth above, in ¶ 31. Plaintiff is, therefore, entitled to general and compensatory damages in an amount to be proven at trial, as well as punitive damages against Defendants in their individual capacities. No punitive damages are sought against Santa Rosa directly.

### ELEVENTH CAUSE OF ACTION
### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)
### PLAINTIFF AGAINST DEFENDANTS SANTA ROSA, SONOMA COUNTY, SCHREEDER, GOOLER, LARON, MAHURIN, FERRIGNO, ESSICK, AND DOES 1-50

100.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in this complaint, as though fully set forth herein.

101.    By the above-described acts and/or omissions and/or failures to supervise and/or failure to institute and execute adequate training and policies on the part of Defendants, as alleged herein, Plaintiff was subjected to intentional infliction of emotional distress, thereby entitling Plaintiff to damages pursuant to California law.

102.    The aiding and abetting and/or failure to intervene and/or failure to prevent this arrest gives rise to liability on the part of other, to-be-identified Doe Defendants.

103.    Defendants Santa Rosa and Sonoma County are not sued directly in this cause of action, but are named because Santa Rosa and Sonoma County are vicariously liable pursuant to California Government Code § 815.2.

104.    As a proximate result of the foregoing wrongful acts, Plaintiff sustained injuries and damages, as set forth above, in ¶ 31. Plaintiff is, therefore, entitled to general and compensatory damages in an amount to be proven at trial, as well as punitive damages against Defendants in their individual capacities. No punitive damages are sought against Santa Rosa and Sonoma County directly.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief against each and every Defendant herein, jointly and severally:

1.    Compensatory damages in an amount according to proof, which is fair, just, and reasonable;

2.    Punitive damages under 42 U.S.C. § 1983, federal law, and California law, in an amount according to proof and which is fair, just, and reasonable against all Defendants except the public entities;

3.    For attorney's fees and costs of suit under 42 U.S.C. § 1988;

4.    For attorney's fees and cost of suit under California Civil Code §§ 52(b)(3) and 52.1(h);

5.    All other damages, penalities, costs, interest, and attorney's fees as allowed by 42 U.S.C. §§ 1983 and 1988; California Code of Civil Procedure § 102.5; California Civil Code §§ 52 et seq. and 52.1; and as otherwise may be allowed by California and/or federal law;

6.    For declaratory and injunctive relief against Santa Rosa and Sonoma County; and

6.    For such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby respectfully demands a jury trial, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: May 6, 2019                    */s/ Andrew Chan Kim*
                                      ANDREW CHAN KIM

                                      Attorney for Plaintiff